UNITED STATES of America,
Plaintiff–Appellee,

v.

Armando LOPEZ, Felix A. Beruvides,
Ricardo Perez,
Defendants–Appellants.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Felix A. BERUVIDES,
Defendant–Appellant.

Nos. 88–5328, 88–5698.

United States Court of Appeals,
Eleventh Circuit.

Aug. 3, 1990.

Hector L. Flores, Asst. Federal Public Defender, Miami, Fla., for Lopez.

Samuel I. Burstyn, Miami, Fla., for Beruvides.

Rene A. Sotorrio (court-appointed), Miami, Fla., for Perez.

Dexter W. Lehtinen, U.S. Atty., John J. O'Sullivan, Linda Collins Hertz, Dawn Bowen, Asst. U.S. Attys., Miami, Fla., for U.S.

Before FAY and KRAVITCH, Circuit Judges, and KAUFMAN *, Senior District Judge.

KRAVITCH, Circuit Judge:

Three former City of Miami police officers appeal their convictions of various offenses stemming from a conspiracy to steal narcotics from criminal suspects and sell the drugs to third parties for distribution. After carefully reviewing all of the bases for relief raised by appellant Ricardo Perez, we conclude that his contentions of error are without merit and affirm his conviction on all counts pursuant to Eleventh Circuit Rule 36–1. Similarly, we summarily reject as meritless appellant Armando Lopez's contention that the district court abused its discretion in determining the length of his sentence.

Appellants Felix Beruvides and Armando Lopez jointly challenge the district court's acceptance of their guilty pleas on the RICO count on the ground that the trial court failed to conduct an adequate Federal Rule of Criminal Procedure Rule 11 hearing to assure that the defendants understood the nature of their pleas and that there was an adequate factual basis for the crimes to which they were pleading. We conclude that there was an adequate factual basis for the RICO count to which the defendants' plead and that the district court was not clearly erroneous in finding that the defendants understood the nature of their pleas. We agree with Beruvides, however, that the trial court erred in failing to append to his presentence investigation report (PSI) a writing identifying the disputed issues of fact in the PSI that the court did not rely upon in sentencing.

## ADEQUACY OF RULE 11 HEARING

Appellants Beruvides and Lopez contend that the trial court committed four errors during the RICO count plea hearing that precluded the court from adequately determining whether the appellants understood the nature of the charge to which they were pleading guilty. Appellants allege that the trial court erred by failing to: 1) read appellants four of the five predicate acts of the RICO count; 2) explain the elements of the RICO count; 3) elicit an admission to the RICO conduct charged; and 4) conduct a sufficient inquiry into the factual basis for the pleas.

### A. Facts

The RICO offense charged in the indictment and at issue in this appeal alleged that the defendants

being employed by and associated with an enterprise, to wit: The City of Miami Police Department, which enterprise was engaged in and the activities of which affected interstate commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Sections 1961(1) and (5).

The indictment then described the pattern of racketeering activity as consisting of five different acts. Only one of the five racketeering acts was detailed in the indictment's RICO count. The other four racketeering acts were each alleged by a single sentence that referred to acts charged in separate counts of the indictment.

The trial court first reviewed the RICO count of the indictment in the presence of appellants Beruvides and Lopez during voir dire prior to jury selection. The court summarized that the defendants were charged with "racketeering activity, including robbery and various acts alleged in the substantive counts of the indictment." The government, during its opening statement, also summarized the RICO count and then described the various predicate acts alleged in the count. Additionally, in reviewing a separate count of conspiring to violate RICO, the government stated that the pattern of racketeering consisted of a violation of two or more of the acts alleged in the

---

* Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation.

indictment's substantive RICO count. The government then exhaustively reviewed the facts underlying the RICO count and its predicate acts.

Between opening statements and the announcement of the plea agreement, the government called five witnesses. These witnesses provided detailed testimony as to four of the five acts alleged in the RICO count. Additionally, several of the witnesses directly linked the appellants with the commission of these acts.[1]

On the fourth day of trial, appellants Beruvides and Lopez entered pleas of guilty to a substantive RICO offense, 18 U.S.C. §§ 1962(c), 1963, and the filing of a false tax return, 26 U.S.C. § 7206(1).[2] During an extensive Rule 11 hearing, the entire plea agreement was read to each of the defendants. Both agreed that they had discussed the agreement and possible defenses to the counts with their attorneys, understood the agreement, and were voluntarily entering into the agreement. The attorneys for the defendants each agreed that they knew of no reason why their client should not enter a plea of guilty and that they knew of no constitutional right of their client that had been violated.

The district court then went over the indictment with each defendant.[3] First, the court read, essentially verbatim, the RICO count of the indictment to the defendants. Beruvides stated that he understood the nature of the enterprise charged in the count, the mens rea required for the offense, and the allegation as a whole. Tracking the indictment, the court then detailed the first predicate act charged in the count, but only referred to the other four acts by their numbers. Beruvides specifically stated that he understood the nature of the first predicate act and that he had discussed it with his attorney. The court did not solicit a similar admission with respect to the other four predicate acts charged. Subsequently, however, Beruvides agreed that he "understood fully" the RICO charges and that there was nothing with respect to those charges that he wished to discuss with his attorney or the court. In order to establish a factual basis for the pleas, the government relied on its opening statement and the testimony of witnesses preceding the plea agreement. Beruvides then agreed that the RICO charge could be proved against him beyond a reasonable doubt. The court, likewise, found that the government was prepared to prove the facts necessary to sustain all of the elements of the crime charged.

The Rule 11 hearing of defendant Lopez was virtually identical to that of Beruvides. Additionally, Lopez agreed that he had carefully discussed the definition of racketeering activity with his counsel and that they had reviewed all of the predicate acts to the RICO count. At the time Lopez's plea was taken, he had sat through the Rule 11 hearings of Beruvides and another defendant. Lopez acknowledged that he had heard the court's colloquy with Beruvides on the RICO count and fully understood the count.

## B. Discussion

The Supreme Court has held that "if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969); *see United States v. Dayton*, 604 F.2d 931, 934–35 (5th Cir.1979) (en banc) (describing knowledge and voluntariness requirements as "core considerations ... that manifestly must lie at the heart of any respectable [guilty plea] system"), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980).[4] In order to

---

1. Appellant Beruvide's claim that only one of these witnesses identified him as a participant in a racketeering act is not supported by our review of the record.

2. Appellants do not contest the guilty pleas entered to the tax offense.

3. The record indicates that Beruvides had a copy of the indictment before him during the Rule 11 hearing.

4. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions

ensure that a defendant's guilty plea is knowing, Rule 11 requires that the court "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands ... the nature of the charge to which the plea is offered" and the potential consequences of the plea. Fed.R.Crim.P. 11(c); *see McCarthy,* 394 U.S. at 464, 89 S.Ct. at 1170; *United States v. Buckles,* 843 F.2d 469, 473 (11th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 2450, 104 L.Ed.2d 1005 (1989). Here, there is no contention that the defendants' pleas were involuntary or that they did not understand the consequences of their pleas. The crux of this issue is whether the district judge's Rule 11 colloquy with the defendants was sufficient to ensure that their pleas were knowingly entered.

The district court's implicit factual finding that the requirements of Rule 11 were satisfied when it accepted the defendants' pleas is subject to the clearly erroneous standard of review. *Frank v. Blackburn,* 646 F.2d 873, 881–82; (5th Cir.1980) (en banc), *cert. denied,* 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981); *Dayton,* 604 F.2d at 940–41; *United States v. Jack,* 686 F.2d 226, 229 (5th Cir.1982). Our precedent dictates that we must review the record of the Rule 11 hearing as a whole and affirm the district court if the record provides a basis for the court's finding that the defendant understood what he was admitting and that what he was admitting constituted the crime charged. *United States v. Byrd,* 804 F.2d 1204, 1206 (11th Cir.1986); *Dayton,* 604 F.2d at 943.

In *United States v. Dayton,* the former Fifth Circuit, sitting en banc, established an analytical framework for evaluating whether a particular Rule 11 hearing adequately apprised a defendant of the nature of the charge. 604 F.2d at 937–38. The court determined that:

> [f]or simple charges ... a reading of the indictment, followed by an opportunity given the defendant to ask questions about it, will usually suffice. Charges of a more complex nature, incorporating es-

oteric terms or concepts unfamiliar to the lay mind, may require more explication. In the case of charges of extreme complexity, an explanation of the elements of the offense like that given the jury in its instructions may be required; this, of course, is the outer limit.... We can do no more than commit these matters to the good judgment of the court, to its calculation of the relative difficulty of comprehension of the charges and of the defendant's sophistication and intelligence.

*Id.* at 938 (footnote omitted); *see Byrd,* 804 F.2d at 1206–07.

The RICO count in this particular case, although somewhat complex, was not a charge of "extreme complexity." The count essentially alleged that the defendants, as part of an enterprise defined as the City of Miami police department, committed five racketeering acts. The acts were a robbery, conspiring to possess with intent to distribute various narcotics, and possession with the intent to distribute various narcotics. All of these predicate acts involved a violation of simple and, unfortunately, well known criminal offenses. *Cf. United States v. Bell,* 776 F.2d 965, 969–71 (11th Cir.1985) (conspiracy to import narcotics and conspiracy to import with intent to distribute narcotics described as "simple" charges), *cert. denied,* 477 U.S. 904, 106 S.Ct. 3272, 91 L.Ed.2d 563 (1986).

Additionally, the defendants in this case were not uneducated lay individuals with little knowledge of the criminal offenses with which they were charged. *See Bell,* 776 F.2d at 971 (considering sophistication and intelligence of defendant in evaluating adequacy of Rule 11 hearing); *Dayton,* 604 F.2d at 938 (same). Rather, they were law enforcement officers with some college education who, through their training and experience, were far better acquainted with the criminal violations at issue than the average person. *Cf. Buckles,* 843 F.2d at 474 (defendant's prior familiarity with guilty plea proceedings supports finding that Rule 11 hearing at issue was adequate); *Bell,* 776 F.2d at 969–71 (two col-

of the former Fifth Circuit rendered prior to October 1, 1981.

lege credits and employment in real estate sufficient to establish that defendant was "sophisticated and intelligent").

■ Given the relative sophistication of the defendants, the moderately complex nature of the RICO charge at issue, and the manner in which the Rule 11 hearing was conducted, we cannot say that the district court was clearly erroneous in finding that the defendants understood the nature of the offense to which they were pleading and accepting the pleas. The record of the Rule 11 hearing indicates that both the plea agreement and the RICO count charged in the indictment were read to the defendants. Additionally, the court explained the meaning of the term "enterprise" as used in the count and the mental state required for the offense. Both defendants stated that they fully understood the plea agreement, had discussed the plea and possible defenses with their attorneys, fully understood the RICO count, and believed that the government could prove them guilty of the RICO count beyond a reasonable doubt.[5]

Because we find that the Rule 11 hearing sufficiently apprised the defendants of the crime to confirm that they understood the nature of the offense to which they were pleading, we reject appellants' contention that the trial court erred by not reading all of the predicate RICO acts to the defendants or by not describing the elements of the RICO offense in greater detail. *Cf. Holmes v. United States*, 876 F.2d 1545, 1550 (11th Cir.1989) (Rule 11 record similar to that in present case found adequate); *Byrd*, 804 F.2d at 1206–08 (Rule 11 record more ambiguous than that in present case found satisfactory where defendant assured court he understood charges). Although a recitation of all the predicate racketeering acts as well as a greater explication of the relationship between the RICO offense and these predicate acts

would have been preferable, we conclude that viewing the record as a whole there was a sufficient showing of the defendants' knowledge of the offense to satisfy Rule 11. We also reject as meritless appellants' contention that the trial court should have elicited an admission to each predicate RICO act alleged in the indictment. In this case, the record indicates that the charge was adequately understood and plead to by the defendants, obviating the need for the court to elicit an admission to each separate element of the offense.[6]

The appellants' final challenge to the district court's Rule 11 hearing is that the court failed to conduct a sufficient inquiry into the factual basis for the plea. The Supreme Court has instructed that a judge accepting a plea must determine whether "the conduct which the defendant admits constitutes the offense ... to which the defendant has pleaded guilty." *McCarthy*, 394 U.S. at 467, 89 S.Ct. at 1171; *accord* Fed.R.Crim.P. 11(f); *see United States v. Terzado–Madruga*, 897 F.2d 1099, 1125 (11th Cir.1990); *Dismuke v. United States*, 864 F.2d 106, 107 (11th Cir.1989). The purpose of this requirement is to protect a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading. *McCarthy*, 394 U.S. at 467, 89 S.Ct. at 1171. The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty. *United States v. Owen*, 858 F.2d 1514, 1517 (11th Cir.1988) (per curiam); *see Dayton*, 604 F.2d at 938 (trial court's satisfaction that plea had factual basis reviewed for abuse of discretion).

■ Here, the district court relied on the facts asserted in the government's opening statement and the testimony of the government's witnesses, as well as the informa-

---

5. Additionally, defendant Lopez stated that his counsel had carefully gone over the definition of "racketeering activity" with him, that he had carefully reviewed all of the alleged racketeering acts, that he had discussed the RICO count with his attorney, and that he did not need the court to explain any other aspects of the count.

6. We by no means intend to suggest that a trial court's thorough explication of an offense or its elicitation of an admission to each element of the offense is inappropriate. Indeed, this is the ideal conduct in any case, and could be the required conduct in a case with less sophisticated defendants, a less exhaustive Rule 11 colloquy, or a particularly complex indictment.

tion disclosed in the Rule 11 hearing, to establish the factual basis for the RICO count. This information provided an ample factual basis for the guilty pleas. *Cf. Byrd,* 804 F.2d at 1206 (trial court's presiding over prior evidentiary hearing relied upon to provide adequate factual record for pleas). The court, therefore, did not abuse its discretion in finding a factual basis for the pleas.

## FAILURE TO APPEND STATEMENT OF DISPUTED FACTS TO PSI

■ Appellant Beruvides contends that the trial court erred by failing to supplement his presentence investigation report with the defense version of disputed factual matters. Under Fed.R.Crim.P. 32(c)(3)(D), when a defendant challenges a factual assertion in a PSI, the court must either make a finding as to the allegation or determine that no such finding is necessary because the matter controverted will not be taken into account in sentencing. *United States v. Funt,* 896 F.2d 1288, 1299 (11th Cir.1990). In either case, a "written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission." Fed.R.Crim.P. 32(c)(3)(D); *see United States v. Forbes,* 888 F.2d 752, 755 (11th Cir.1989). Strict adherence to the dictates of Rule 32(c)(3)(D) is essential because the rule helps ensure that future decisions about a defendant's penal treatment are based on a fair and accurate PSI. *Funt,* 896 F.2d at 1300.

The court below determined that it would not rely on the disputed factual matters in reaching its sentence, but failed to attach this determination to the PSI. This was error. When a court declines to resolve a factual challenge to a PSI, it must expressly set out in writing the disputed facts that it did not resolve. *See Owen,* 858 F.2d at 1517; *United States v. Restrepo,* 832 F.2d 146, 149–50 & nn. 3, 4 (11th Cir.1987). Al-

though preferable, this writing need not set out the contrasting versions of the facts. Rather, it need only clearly identify those facts in the PSI that are disputed. *See Restrepo,* 832 F.2d at 150 n. 4 (trial court should "note defendant's objections as an addendum to the PSI"). On remand, the district court may either attach such a writing to the PSI or attach to the PSI a copy of the relevant sentencing hearing transcript pages that identify the facts in the PSI disputed by the defendant and not relied upon by the court in sentencing. *See Forbes,* 888 F.2d at 755.

## CONCLUSION

The convictions of the appellants are affirmed on all counts. The case is remanded to the district court for the sole purpose of attaching a writing to defendant Beruvides's PSI in compliance with Fed.R. Crim.P. 32(c)(3)(D).[7]

AFFIRMED and REMANDED.

---

7. The failure of a trial court to append a written determination of its findings pursuant to Rule 32(c)(3)(D) is a "ministerial matter" that may be remedied on remand without resentencing.

*Forbes,* 888 F.2d at 755. *Cf. United States v. O'Neill,* 767 F.2d 780, 787 (11th Cir.1985) (resentencing required when trial court fails to make Rule 32(c)(3)(D) findings).