[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 4, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-15948
Non-Argument Calendar

_____

D. C. Docket No. 04-00034-CR-5-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC RICARDO BRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 4, 2006)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Eric Ricardo Bright appeals his convictions on one count of conspiracy to

distribute and to possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii)-(iii) and 846, and two counts of possession with intent to distribute 5 grams or more of cocaine base and a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), and (b)(1)(C). Although Bright pled guilty to all three counts pursuant to a plea agreement, he now contends that his plea was not made knowingly and intelligently with respect to the conspiracy count–and that on remand he should have the option to withdraw his plea as to the remaining counts. We affirm Bright's convictions.

Bright argues that the district court deprived him of due process and violated Federal Rule of Criminal Procedure 11 when it found that he had entered his plea knowingly, because: (1) Bright indicated at the onset of his co-defendant Pamela Arnold's rearraignment that he (Bright) did not intend to plead guilty; (2) Bright "repeatedly stated during the rearraignment that he did not know what he was doing"; (3) Bright claimed during his rearraignment that a Government informant was not telling the whole truth; and (4) at one point the district court rejected Bright's attempt to plead guilty.

As Bright concedes, he did not raise these issues before the district court.[1]

---

[1] Bright did not, for example, move to withdraw his plea.

Constitutional objections and alleged violations of Rule 11 that were not raised before the district court are reviewed only for plain error. *See United States v. Moriarty*, 429 F.3d 1012, 1018-19 (11th Cir. 2005) (per curiam). To demonstrate plain error, the defendant must show there is "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003) (internal quotations and citations omitted).

"A guilty plea involves the waiver of a number of a defendant's constitutional rights, and must therefore be made knowingly and voluntarily to satisfy the requirements of due process." *Moriarty*, 429 F.3d at 1019. To determine that a guilty plea is knowing and voluntary, a district court must comply with Rule 11 and address its three core concerns: "ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *Id.*; *see United States v. Frye*, 402 F.3d 1123, 1127 (11th Cir. 2005) (per curiam).

Having considered the record, including the transcript of Arnold's rearraignment and the subsequent plea colloquy between Bright and the district

court, we are satisfied that the district court adequately addressed the core concerns of Rule 11, and that Bright was not deprived of due process.[2] Indeed, most of Bright's arguments, when considered in the context of the plea colloquy as a whole, simply lack merit.[3] The only argument we address in any detail is Bright's claim that a Government informant (who was the source of various allegations against Bright in the Indictment) was lying, which calls into question the factual basis for Bright's plea.

Before a district court may accept a guilty plea, it "must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). "'The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty.'" *Frye*, 402 F.3d at 1128 (quoting *United States v. Lopez*, 907 F.2d 1096, 1100 (11th Cir. 1990)). Although Bright did sign a plea agreement attesting to his guilt on each and every count charged against him, he indicated

---

[2] "In considering whether a Rule 11 error occurred or prejudiced a defendant, we may consider the whole record, not just the plea colloquy." *Moriarty*, 429 F.3d at 1020 n.4.

[3] For example, although at the start of Arnold's rearraignment Bright did not intend to plead guilty, Bright thereafter changed his mind and repeatedly expressed his desire to do so. Bright did at one point state that he was pleading guilty because he "didn't know what to do," but this comment simply reflected his perception that he would lose at trial, and therefore faced a statutorily mandated life sentence (due to certain prior felony convictions) whether he pled to the conspiracy count or not. *See* 21 U.S.C. §§ 841(b)(1)(A), 846. Although the district court declined to accept Bright's plea at that time, further discussion between Bright and his lawyer led to the resumption of the plea colloquy, and to Bright's admitting of various allegations in his Indictment.

4

several times during his plea colloquy that he was guilty, but not to the extent the Government informant claimed. Some of Bright's objections, such as those to the exact dates alleged in the indictment, are not a cause for concern. *See United States v. Reed*, 887 F.2d 1398, 1403 (11th Cir. 1989) (explaining that when the Government charges that an offense occurred "on or about" a certain date, "[p]roof of a date reasonably near the specified date is sufficient"). However, Bright did at one point claim that the charge of conspiracy as to the 5 kilograms of cocaine was not true, and had indicated that he was selling "dimes and 20s and stuff like that," but not purchasing "10 kilos of cocaine at one time." Nevertheless, after consulting with his attorney–and again being advised by the court of his right to plead not guilty and the availability of a jury trial "next week or the week after"–Bright made an unequivocal plea of guilty to all three counts in the indictment.[4] Even if this did not resolve the issue with respect to the 5 kilograms of cocaine, Bright clearly admitted to the other allegation in the conspiracy charge: conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base. That admission was itself sufficient (in light of Bright's prior felony drug convictions) to subject Bright to the mandatory life sentence and 10 years' supervised release he received on the conspiracy count. *See* 21 U.S.C.

---

[4] We also note that the court had previously told Bright it would not accept his plea unless he could admit sincerely and truthfully to what the Government charged against him.

5

§ 841(b)(1)(A); *United States v. Smith*, 289 F.3d 696, 703 (11th Cir. 2002). Thus, any error with respect to the 5 kilograms did not affect Bright's substantial rights. "A defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340, 159 L. Ed. 2d 157 (2004). Even if the district court plainly erred in accepting Bright's plea without additional factual clarification, Bright has not demonstrated a reasonable probability that, but for the error, he would not have entered his guilty plea.

Upon review of the record, the parties' briefs, and the applicable law, we find no plain error. We therefore affirm Bright's convictions.

**AFFIRMED**.