[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13018
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 21, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00256-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES CORLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(November 21, 2007)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

James Corley appeals his conviction, pursuant to a plea agreement, for assaulting a former deputized federal law enforcement officer with a deadly or dangerous weapon, or with resulting bodily injury, a violation of 18 U.S.C. §§

111(b) and 115(a)(2).  For the first time on appeal, Corley argues that the district court erred during the plea colloquy by failing to advise him of his rights regarding compelling the attendance of witnesses and presenting evidence, and the court's authority to order restitution, which he was ordered to pay in the amount of $5,097.04.[1]  After careful review, we affirm.

Generally, the district court's "factual finding that the requirements of [Rule] 11 were satisfied when it accepted the defendants' pleas is subject to the clearly erroneous standard of review."  United States v. Lopez, 907 F.2d 1096, 1099 (11th Cir .1990).  Corley, however, did not raise his Rule 11 argument in the district court, either by objecting or by moving to withdraw his guilty plea.  Cf. United States v. Moriarty, 429 F.3d 1012, 1018 n. 2 (11th Cir. 2005) (per curiam) (observing that to preserve a Rule 11 error a defendant should file a motion to withdraw the guilty plea in district court).  Constitutional objections and alleged violations of Rule 11 that were not raised before the district court are reviewed for plain error only.  See id. at 1018-19.  To establish plain error, a defendant must show (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.

---

[1]    Based on our own thorough review of the  plea colloquy, we address only these arguments, since we find it clear that the district court determined there was a factual basis for the plea, ascertained that Corley understood the facts necessary to support the guilty plea, and addressed Corley personally to determine that his plea was voluntary.

2

See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 545 U.S. 1127 (2005).

The facts relevant to our analysis are these. On November 28, 2006, Corley was indicted on one count of assaulting a former deputized federal law enforcement officer with a deadly or dangerous weapon, or with resulting bodily injury (Count One), a violation of 18 U.S.C. §§ 111(b) and 115(a)(2), and one count of attempted murder of a former federal officer (Count Two), a violation of 18 U.S.C. § 1114. He pled guilty to Count One, and the government agreed to dismiss Count Two.

During the subsequent plea colloquy, the district court asked Corley if he had reviewed the indictment with his attorney and if he fully understood the charge against him, and he responded affirmatively to both questions. He further stated that he was satisfied with the representation and advice given to him by defense counsel. The government then informed the court that the maximum penalty was 20 years' imprisonment, a $1 million fine, and 5 years' supervised release. Corley indicated that he understood the maximum penalties, as designated by the government, and had reviewed the Sentencing Guidelines with his attorney. The district court then informed Corley that he had a right to plead not guilty and persist in that plea, and he then would have the opportunity to cross-examine the

government's witnesses, be provided with assistance of counsel, and present witnesses on his own behalf. Corley responded that he understood that he was giving up the right to go to trial, and all of the associated rights, by pleading guilty.

The government then summarized the factual basis for the plea as follows. On October 26, 2006, Corley assaulted a former deputized federal law enforcement officer, Barry Foley, by beating him in the head and face, and by cutting his head and face in numerous places with a sharp object. Over ten years earlier, in May 1996, Foley, who at that time was a local police officer in Saraland, Alabama, assisted United States Postal Inspectors in tracking and ultimately confiscating, after a controlled delivery to Corley, a package that was shipped through the U.S. Mails and contained marijuana. On the evening of October 26, 2006, Corley recognized Officer Foley in the Feed Store Bar in Axis, Alabama. After confirming Foley's identity, Corley followed Foley into the bar's bathroom, where he assaulted Foley. Thereafter, Corley followed Foley into the parking lot and attacked him again, including hitting him with a shiny object until Corley lost consciousness.

The government stated that it could prove the foregoing facts, among others, if the case proceeded to trial. Based on these facts, the government said, Corley had assaulted a formerly deputized federal law enforcement officer with the intent

to retaliate against the officer based on his past performance of his official duties. When the district court asked Corley if he agreed that the government could prove those facts against him, defense counsel replied "[n]o," stating that there was a disagreement over whether the government could prove that the former officer was deputized on the day when he participated in the 1996 sting. Counsel conceded, however, that the government would be able to prove that Foley was formerly deputized and had been assisting a formally deputized officer, which satisfied that element of the crime charged. Counsel also argued that although there was bodily injury, the government could not prove a weapon was involved in the assault or the extent of the bodily injury to Foley.

The court found that although Corley contested the extent of the bodily injury, Corley "admitted the essential elements of the offense." Corley then stated that he was pleading guilty to the charge, and the district court noted that he was "fully competent and capable of entering an informed plea." The district court also found that the plea was knowing, voluntary, and supported by "an independent basis in fact containing each of the essential elements of the offense." Finally, the district court noted that there would be certain factual issues to be determined during the sentencing hearing. At no point did Corley object based on Rule 11.

Thereafter, Corley was sentenced to 151 months' imprisonment, and ordered to pay $5,097.04 in restitution. Again, at no point did he assert an objection to the manner in which the district court had conducted the plea colloquy, nor did he lodge an objection based on Rule 11 or seek to withdraw his guilty plea. This appeal followed.

Corley now argues that the plea colloquy was defective in a number of ways. A defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea. United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). "A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding." Id. (internal citation omitted).

Pursuant to Rule 11, before the district court accepts a guilty plea, it must address the defendant in open court to ensure that he understands various rights and matters. Fed. R. Crim. P. 11(b)(1) and (2); United States v. Monroe, 353 F.3d 1346, 1350-51 (11th Cir. 2003). The three "core concerns" of Rule 11 are to ensure that the defendant (1) was not coerced into pleading guilty; (2) understood the charges against him; and (3) understood the consequences of his guilty plea.

6

Monroe, 353 F.3d at 1354. Among the matters about which the defendant must be informed are his right "to testify and present evidence, and to compel the attendance of witnesses," "the court's authority to order restitution," and "the nature of each charge to which [he] is pleading." Fed. R. Crim. P. 11(b)(1)(E), (G), and (K). Rule 11 further states, though, that "a variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). In fact, this Court generally will uphold a plea colloquy if it adequately addresses the three core concerns of Rule 11, even if the court failed to address a specific Rule 11 matter. Monroe 353 F.3d at 1354. Moreover, during Rule 11 proceedings, "matters of substance, not form, are controlling." Id. at 1351.

Although the district court did not expressly inform Corley of his rights in regard to two of the five errors that he asserts on appeal -- (1) his right to compel the attendance of witnesses, and (2) the court's authority to order restitution -- we readily conclude that the district court's colloquy adequately informed him of his rights, consistent with Rule 11. The district court advised Corley of his right to plead not guilty and go to trial, where he would be able to present witnesses on his own behalf and cross-examine the government's witnesses. Although the district court's colloquy did not follow the language of Rule 11 exactly, it certainly was enough to cover the substantive information, that is, "core concerns," of Rule 11.

7

Moreover, because the government informed Corley about the maximum penalty associated with the charge, including a $1 million fine, Corley cannot show that his substantial rights were affected by the court's omission concerning restitution. <u>See United States v. Morris</u>, 286 F.3d 1291, 1294 (11th Cir. 2002) (holding that, although Rule 11 requires a court to explain a defendant's liability for both fines and restitution, "failure to do so does not impact a defendant's substantial rights where he was warned of a potential fine larger than the actual amount of restitution ordered.").

On this record, Corley has not shown error, let alone plain error, based on the plea colloquy.  Accordingly, we affirm.

**AFFIRMED.**