[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13899
Non-Argument Calendar

_____

D. C. Docket No. 99-00022-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(April 28, 2008)**

Before BARKETT, MARCUS  and WILSON, Circuit Judges.

PER CURIAM:

Daniel Wright, a federal prisoner proceeding pro se, appeals the district

court's denial of his motion filed pursuant to Fed.R.Crim.P. 36 ("Rule 36"), requesting that the district court send to the Bureau of Prisons ("BOP") a new copy of his presentence investigation report ("PSI") with the court's sentencing findings attached because the court had allegedly failed to attach its findings to the original PSI, in violation of Fed.R.Crim.P. 32(i)(3)(C) ("Rule 32(i)(3)(C)"). Wright argues that the district court is obligated to comply with Rule 32(i)(3)(C) and correct the PSI, which the BOP uses in making determinations about a prisoner's status.

We review de novo legal questions concerning the Federal Rules of Criminal Procedure. United States v. Spears, 443 F.3d 1358, 1361 (11th Cir.), cert. denied, 127 S.Ct. 264 (2006). We also review de novo the district court's application of Rule 36. United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004).

Federal Rule of Criminal Procedure 32 ("Rule 32") provides that for any disputed portion of the PSI, the sentencing court "must . . . rule on the dispute or determine that a ruling is unnecessary . . . ." Fed.R.Crim.P. 32(i)(3)(B). Also, the court "must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons." Fed.R.Crim.P. 32(i)(3)(C) (formerly Fed.R.Crim.P. 32(c)(3)(D)). Rule 36 provides, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or

correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36.

We have stated, "Strict adherence to the dictates of [Rule 32(i)(3)(C)] is essential because the rule helps ensure that future decisions about a defendant's penal treatment are based on a fair and accurate PSI." United States v. Lopez, 907 F.2d 1096, 1101 (11th Cir. 1990). "The failure of a trial court to append a written determination of its findings pursuant to [Rule 32(i)(3)(C)] is a ministerial matter that may be remedied on remand without resentencing." Id. at n.7 (quotation omitted). In Lopez, as well as in other cases, we have remanded the case to the district court for the sole purpose of attaching the court's findings to the PSI in compliance with Rule 32. Id. at 1101; Spears, 443 F.3d at 1362; United States v. Kramer, 943 F.2d 1543, 1553 (11th Cir. 1991); United States v. Forbes, 888 F.2d 752, 755 (11th Cir. 1989).

In Portillo, in determining whether the district court had jurisdiction under Rule 36 to correct a judgment sua sponte, we re-stated the issue as "whether the two errors corrected by the court constituted 'clerical mistakes' that the court is allowed to correct 'at any time.'" Portillo, 363 F.3d at 1164 (quoting then-existing language from Rule 36). We held that the district court's correction of the judgment to identify the party to whom defendant owed restitution was "clerical in

3

that it was minor and mechanical in nature." Id. at 1165.

Because strict adherence to Rule 32(i)(3)(C) is essential, we remand this case to the district court for the limited purpose of either attaching the court's sentencing finding to the PSI and forwarding the PSI to the BOP, or forwarding the court's sentencing finding to the BOP and instructing the BOP to attach it to the PSI, if the court has not already done so. See Lopez, 907 F.2d at 1101.

**VACATED AND REMANDED.**