[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 5, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10817
Non-Argument Calendar

_____

D. C. Docket No. 07-00132-CR-ORL-22GJK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATALIA HUMM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 5, 2008)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Natalia Humm appeals her conviction for immigration fraud under 8 U.S.C. § 1325(d) and 18 U.S.C. § 2.[1]  Humm argues the district court plainly erred by accepting her guilty plea because there was an insufficient factual basis to support her conviction.  Specifically, she argues the factual basis included no indication that, at the time she established a commercial enterprise, she did so for the purpose of evading immigration laws.

Generally, the court's "implicit factual finding that the requirements of [Federal Rule of Criminal Procedure] 11 were satisfied when it accepted the defendants' pleas is subject to the clearly erroneous standard of review."  *United States v. Lopez*, 907 F.2d 1096, 1099 (11th Cir. 1990).  When a defendant does not raise an objection to a Rule 11 violation in the district court, however, we review for plain error.  *United States v. Evans*, 478 F.3d 1332, 1338 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 257 (2007).

> To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, we may exercise our discretion to recognize a forfeited error, but only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Under plain error review, the defendant bears the burden of persuasion with respect to prejudice or the effect on substantial rights.

---

[1]Humm was also convicted of conspiracy to commit an offense against the United States, 18 U.S.C. § 371, and marriage fraud, 8 U.S.C. § 1325(c) and 18 U.S.C. § 2.  She does not appeal these convictions.

*Id.* (quotation and alteration omitted). An error is plain if it is obvious and clear under current law. *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999).

Rule 11(b)(3) requires that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3).

> Requiring this examination of the relation between the law and the acts the defendant admits having committed is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.

*McCarthy v. United States*, 89 S. Ct. 1166, 1171 (1969) (quotation omitted). "The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty." *Lopez*, 907 F.2d at 1100. Under 8 U.S.C. § 1325(d), it is a crime for a person to "knowingly establish[ ] a commercial enterprise for the purpose of evading any provision of the immigration laws." 8 U.S.C. § 1325(d) (2006).

This Court has not previously addressed what the government must show to support a conviction under § 1325(d). The plain text of the statute, however, appears to require that, for Humm to be convicted of violating the statute, one of

3

her reasons for establishing Power of Attorney, Inc., must have been to evade immigration laws. *See* 8 U.S.C. § 1325(d). The factual proffer contains no specific statements regarding Humm's intent when she established Power of Attorney, Inc. Humm established the business in May 2003, and the first stated occurrence of illegitimate activity was approximately two years later in April 2005. Whether a gap of two years makes it unreasonable as a matter of law to infer Humm established the business for the purpose of evading immigration laws is not clearly established in this Circuit or in the statute. *See* 8 U.S.C. 1325(d). Thus, if there was an error, it was not clear or obvious under current law. *See Humphrey*, 164 F.3d at 588.

Because any error by the district court in determining there was sufficient factual basis to support a charge under 8 U.S.C. § 1325(d) was not obvious or clear, there was no reversible error in Humm's guilty plea. Accordingly, we affirm Humm's conviction.

**AFFIRMED.**