[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2009
THOMAS K. KAHN
CLERK

No. 08-15416
Non-Argument Calendar

_____

D. C. Docket No. 07-00005-CR-JTC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD A. SPACE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 28, 2009)

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

Harold Space appeals the district court's refusal to redact a factual statement

from his pre-sentence investigation report ("PSI").  On appeal, Space argues that the district court did not properly address his argument that the factual statement in paragraph 40 of his PSI was unsubstantiated and unduly prejudicial, in violation of Federal Rule of Criminal Procedure 32(i)(3) as well as his constitutional due process rights.[1]  Space also asserts that the district court's failure to address his argument is extremely prejudicial because it will affect decisions that the Bureau of Prisons ("BOP") makes about him and could even result in his civil confinement to an indefinite term as a sexually dangerous criminal.

"We review *de novo* legal questions concerning the Federal Rules of Criminal Procedure."  *United States v. Spears*, 443 F.3d 1358, 1361 (11th Cir. 2006) (per curiam).  Federal Rule of Criminal Procedure 32(i)(3) requires a district court at sentencing to make a determination as to a disputed fact in a PSI, providing that it "must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing. . . ."  Fed. R. Crim. P. 32(i)(3)(B); *see also United States v. Lopez*, 907 F.2d 1096, 1101 (11th Cir. 1990) (interpreting the predecessor to Rule 32(i)(3) and providing that "when a defendant challenges a

---

[1] Paragraph 40 of the PSI recounted a brief encounter between Space and 13-year-old male that occurred in 2001 on a street in Binghampton, New York.  There were no charges filed.

factual assertion in a PSI, the court must either make a finding as to the allegation or determine that no such finding is necessary because the matter controverted will not be taken into account in sentencing"). For any finding that the district court makes under Rule 32(i)(3)(B), the sentencing court "must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons." Fed. R. Crim. P. 32(i)(3)(C); *see also Lopez*, 907 F.2d at 1101 ("In either case, a 'written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.'") (citation omitted). The district court must strictly adhere to the dictates of Rule 32(i)(3) "because the rule helps ensure that future decisions about a defendant's penal treatment are based on a fair and accurate PSI." *Lopez*, 907 F.2d at 1101.

Here, the district court failed to comply with Rule 32(i)(3). First, while it denied Space's request to remove paragraph 40 from the PSI, the district court failed "to make a finding as to the accuracy of the challenged factual proposition or to determine that no reliance will be placed on that proposition at the time of sentencing." FED. R. CRIM. P. advisory committee's note (1983 Amendments). Second, the district court failed to append a copy of its determination to the PSI, in

3

violation of its obligation under Rule 32(i)(3)(C).

We note, however, that because the disputed factual statement had no harmful effect on Space's sentence, there is no need to vacate his sentence.[2] Accordingly, we remand this case back to the district court to comply with the pertinent procedures.[3]

**REMANDED.**

---

[2] At sentencing before the district court, Space did not re-raise his objection to paragraph 40 until *after* the district court imposed sentence. Moreover, on appeal, Space does not even request resentencing. *See* Br. of Appellant at 15 (requesting "this Court to remand this case to the district court with direction to redact the content of paragraph 40 of the pre-sentence report or address the [sic] Mr. Space's objections to that paragraph in accordance with the dictates of Rule 32 and due process").

[3] In a similar case where the district court "failed to make a finding as to [the defendant's] factual challenge to the PSI or to make an express determination that no finding was necessary," we gave the following instructions on remand:

> The district court must append to [the defendant's] PSI either its factual finding as to the disputed factual matter or its express determination that no finding is necessary because it did not rely on the matter in sentencing. If the district court makes an express determination that it did not rely on the disputed factual matter in sentencing, then due process is not implicated and resentencing is unnecessary. Of course, resentencing will be necessary if the district court determines that any of the information upon which it relied in sentencing was materially inaccurate.

*See Shukwit v. United States*, 973 F.2d 903, 905 (11th Cir. 1992) (per curiam) (footnote omitted).

4