[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16937
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 6, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00167-CR-T-24-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MONIQUE PRUITT,
a.k.a. Mo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 6, 2009)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Monique Pruitt appeals from her conviction for conspiring to possess with

intent to distribute marijuana. On appeal, Pruitt argues that: (1) the magistrate

judge should not have accepted her guilty plea because no factual basis exists for her guilty plea, and she did not knowingly and voluntarily enter the plea; and (2) her sentencing counsel was ineffective for failing to make objections to the application of the Sentencing Guidelines. After thorough review, we affirm.

Typically, we review for clear error a district court's implicit factual findings that the requirements of the Federal Rules of Criminal Procedure were satisfied when it accepted a defendant's guilty plea. See United States v. Lopez, 907 F.2d 1096, 1099 (11th Cir. 1990). Where, as here, a plea agreement contains a sentence appeal waiver, we review the validity of the appeal waiver de novo. United States v. Weaver, 275 F.3d 1320, 1333 n.21 (11th Cir. 2001).

Rule 59 of the Federal Rules of Criminal Procedure governs matters before a magistrate judge. Fed. R. Crim. P. 59. Subsection (b)(2) provides:

> Within 10 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations. . . . Failure to object in accordance with this rule waives a party's right to review.

Fed. R. Crim. P. 59(b)(2). The waiver provision was adopted in 2005, and the advisory committee explained that the provision "is intended to establish the requirements for objecting in a district court in order to preserve appellate review of magistrate judges' decisions." Fed. R. Crim. P. 59 advisory committee's notes

2

(2005). "Despite the waiver provisions, the district judge retains the authority to review any magistrate judge's decision or recommendation whether or not objections are timely filed." Id. (citing Thomas v. Arn, 474 U.S. 140, 154 (1985)).

We recently acknowledged Rule 59's waiver provision in another context, and held, on the basis of pre-Rule precedent, that we "lack[ed] jurisdiction to review the magistrate judge's order because [the defendant] never appealed the ruling to the district court." United States v. Brown, 441 F.3d 1330, 1352 (11th Cir. 2006) (analyzing a magistrate's order to quash a subpoena under Rule 59(a), which contains a waiver provision identical to the provision in Rule 59(b)); see also United States v. Schultz, 565 F.3d 1353, 1359-60 (11th Cir. 2009).

Here, the magistrate's report and recommendation informed Pruitt that she had ten days to appeal the recommendation. The magistrate's recommendation also noted that, in her plea agreement, Pruitt waived her right to appeal the recommendation. Consequently, Pruitt never appealed the report and recommendation, and as a result, we decline to review Pruitt's guilty plea.

We also decline to consider Pruitt's challenge to her sentence. A sentence appeal waiver will be enforced if the waiver was knowing and voluntary. United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993). For a sentence appeal waiver to be knowing and voluntary, the government must show (1) that the

district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) that the record is manifestly clear that the defendant otherwise understood the significance of the appeal waiver. Id. at 1351.

Pruitt's written plea agreement provided that she was giving up her right to appeal "on any ground . . . except (a) the ground that the sentence exceeds the defendant's applicable guideline range . . . (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment," or if the government appealed the sentence. Pruitt's challenge to her Guidelines calculation does not fall within any of these exceptions. At the change of plea colloquy, the government read the appeal waiver to Pruitt, the district court thoroughly questioned Pruitt about the waiver, and she confirmed that she did understand its significance. Because Pruitt's sentence appeal waiver was knowing and voluntary, Pruitt has waived her right to appeal this issue. Accordingly, we decline to consider any challenges to Pruitt's sentence.

**AFFIRMED.**