[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15127
Non-Argument Calendar
_____

D.C. Docket No. 7:19-cr-00043-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JARON COLEMAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 21, 2020)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

We vacate our prior opinion, United States v. Coleman, No. 19-15127, -- F. App'x -- (11th Cir. Dec. 9, 2020), and substitute the following in its place.

Jaron Coleman is a federal prisoner serving an 18-month sentence after pleading guilty to one count of unauthorized discharge of oil into the waters of the United States in violation of the Clean Water Act ("CWA"). In this direct appeal, Coleman seeks to vacate his conviction and sentence, arguing that his guilty plea was accepted in violation of Federal Rule of Criminal Procedure 11 and due process. After careful review, we vacate Coleman's conviction and sentence and remand his case to the district court.

**I.**

In 2019, Coleman was charged by information with one count of violating the CWA. The information alleged that Coleman knowingly discharged approximately 3,000 gallons of diesel fuel "into a water of the United States" in violation of 33 U.S.C. §§ 1319(c)(2)(A) & 1321(b)(3).

The CWA prohibits the discharge of pollutants into "navigable waters," which the statute defines as "the waters of the United States, including the territorial seas."[1]  33 U.S.C. §§ 1311(a), 1362(7), (12). In Rapanos v. United States, 547 U.S. 715, 126 S. Ct. 2208 (2006), the Supreme Court addressed how

---

[1] Because only the "navigable waters" element is at issue on appeal, we do not discuss the other elements of Coleman's offense.

2

the statutory term "navigable waters" should be construed under the CWA. Id. at 729, 126 S. Ct. at 2219. The majority, however, did not reach agreement on the definition of the term "navigable waters." See id. at 758, 126 S. Ct. at 2236 (Roberts, C.J., concurring). This Court adopted the "significant nexus" test set forth in Justice Kennedy's concurrence as the controlling definition for our circuit. United States v. Robison, 505 F.3d 1208, 1221 (11th Cir. 2007). Here, therefore, a water is navigable "if it possesses a 'significant nexus' to waters that are or were navigable in fact or that could reasonably be so made." Id. at 1218 (quoting Rapanos, 547 U.S. at 759, 126 S. Ct. at 2236 (Kennedy, J., concurring)). A wetland or water meets the "significant nexus" test if it "significantly affects the chemical, physical, and biological integrity" of a navigable water. Id. at 1218 (quotation marks omitted and alteration adopted). A "mere hydrologic connection" alone will not suffice. Id. at 1222 (quotation marks omitted).

Coleman waived indictment and pled guilty without a plea agreement. He was sentenced to an 18-month term of imprisonment, followed by a year of supervised release and was required to pay a fine of $5,000. Coleman timely appealed.

Coleman raises three grounds on appeal, all of which focus on the "navigable waters" element of his offense. First, he argues that the district court committed plain error in failing to establish a sufficient factual basis for the

3

"navigable waters" element during the plea colloquy, as required by Federal Rule of Criminal Procedure 11(b)(3). Second, he argues that the court committed plain error in failing to adequately inform him of the meaning of the "navigable waters" element, as required by Rule 11(b)(1)(G). Third, Coleman argues that his guilty plea was not knowing and voluntary because he did not understand the "navigable waters" element of the crime he pled guilty to violating, and that this was, in turn, a violation of his due process. Because we vacate Coleman's conviction and sentence based on the first argument brought under Rule 11(b)(3), we need not reach the second and third issues he raises.

## II.

Coleman did not raise his Rule 11 objection before the district court, so we review this claim under the plain-error standard. United States v. Puentes-Hurtado, 794 F.3d 1278, 1285 (11th Cir. 2015). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam). If these criteria are met, we have the discretion to correct the error and "should" do so if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779 (1993) (quotation marks omitted and alteration adopted).

4

## III.

At the Rule 11 hearing, the government proffered that Coleman was driving a fuel truck that services gas stations when he loaded 3,000 gallons of the wrong type of diesel fuel into his truck.  Coleman then dumped the diesel fuel "on the ground" in the parking lot near a fuel station on Highway 319 in Thomas County, Georgia.  The government then went on to proffer:

> The diesel fuel dumped on the ground migrated into adjacent storm water drainage that flows directly into a creek.  That unnamed creek is a tributary of Good Water Creek which flows into Oquina Creek and then into the Ochlocknee River, a traditionally navigable water of the United States.

The question is whether this provided an adequate factual basis for the district court to adjudicate Coleman guilty of "knowingly" "discharg[ing] . . . oil . . . into or upon the navigable waters of the United States" under the CWA.  33 U.S.C. §§ 1319(c)(2)(A), 1321(b)(3).  Rule 11 requires a factual basis before entering a judgment of guilt, so as to be sure that a factually innocent defendant does not mistakenly plead guilty.  See United States v. Lopez, 907 F.2d 1096, 1100 (11th Cir. 1990); Fed. R. Crim. P. 11(b)(3).  "The standard for evaluating challenges to the factual basis for a guilty plea is whether the trial court was presented with evidence from which it could reasonably find that the defendant was guilty."  Lopez, 907 F.2d at 1100.

Based on our review of the record, we conclude the government's proffer was not sufficient to satisfy the "navigable waters" element.  "We cannot properly

5

evaluate [the defendant's] claims of error except by viewing them against the entire record." United States v. Reed, 941 F.3d 1018, 1021 (11th Cir. 2019) (quotation marks omitted and alterations adopted). The plea colloquy establishes only that the diesel fuel "migrated into adjacent storm water drainage that flows directly into a creek," and that "unnamed creek" is a "tributary of Good Water Creek which flows into Oquina Creek and then into the Ochlocknee River, a traditionally navigable water of the United States." Given this circuit's rejection of the "mere hydrologic connection" test, more evidence is needed to satisfy the "navigable waters" element of the CWA. See Robison, 505 F.3d at 1222. Put simply, the factual basis for Coleman's conviction was lacking. To support the "navigable waters" element, the district court had to have a sufficient factual basis to find the diesel fuel went into water that "possesses a 'significant nexus'" to navigable waters. Id. at 1218. That means the court had to have a basis for finding that the fuel entered water that "significantly affects" the "chemical, physical, and biological integrity" of a navigable water. Id. (quotation marks omitted and alterations adopted). The proffer made here was inadequate to establish this element.

Additionally, Coleman has shown substantial prejudice. In the context of a guilty plea, a defendant can show prejudice by demonstrating a reasonable probability that, but for the defect in his guilty plea colloquy, he would not have

6

pled guilty.  United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S. Ct. 2333, 2340 (2004).  Coleman says he would not have pled guilty had he been required to stipulate that the storm water drainage ditch had a significant chemical, physical, and biological impact on the four-steps-removed Ochlocknee River as required by Robison, 505 F.3d at 1218.  And Coleman has shown that his assertion that he would have made a different strategic choice is supported by a "reasonable probability."  Dominguez Benitez, 542 U.S. at 85, 124 S. Ct. at 2341.  The record suggests the government understood the "navigable waters" element "broadly."  In response to the district court's question clarifying whether "a water of the United States" in the CWA refers to "navigable waters," the government responded:

> In essence, Your Honor, it's been interpreted more broadly, the way it is worded in the statute is simply a water of the United States and that is a -- connected to a navigable water in a reasonable fashion, that the watershed goes into a navigable water, and part of the stipulation actually will set forth how that gets to be a navigable water, how the definition works.

The district court, in turn, accepted this explanation, saying, "So I understand that there is a pretty broad idea of what's navigable."  This understanding, however, is counter to Robison.  There, the panel vacated CWA convictions where, among other things, the district court indicated that it would apply a "broad" definition of "navigable waters" at trial.  Robison, 505 F.3d at 1223 & n.17.

This record suggests a misapprehension of the navigable waters element, and gives no indication that the government was prepared to make a proffer that could

7

meet the <u>Robison</u> requirements.  As such, Coleman has shown a probability of a different result, which is "sufficient to undermine confidence in the outcome" of the proceeding.  <u>Dominguez Benitez</u>, 542 U.S. at 83, 124 S. Ct. at 2340 (quotation marks omitted).

Finally, entering a judgment without an adequate factual basis "seriously affects the fairness, integrity or public reputation of judicial proceedings."  <u>Olano</u>, 507 U.S. at 736, 113 S. Ct. at 1779 (quotation marks omitted and alteration adopted).  Rule 11's requirement of a sufficient factual basis is to ensure that a factually innocent defendant does not mistakenly plead guilty.  <u>Lopez</u>, 907 F.2d at 1100.  The record does not provide the assurance that the fuel on the ground went into water that significantly affected the chemical, physical, and biological integrity of the Ochlocknee River.  Therefore, we vacate Coleman's conviction and sentence, and remand to the district court for further proceedings.

**VACATED AND REMANDED.**