**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4779**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

JASON DEAN TREADWAY,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Irene C. Berger, District Judge. (2:19-cr-00074-2)

Submitted: April 30, 2021　　　　　　　　　　Decided: June 8, 2021

Before AGEE and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Roger L. Lambert, LAMBERT LAW OFFICES, Hurricane, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Dean Treadway challenges his 188-month career offender sentence imposed by the district court following his guilty plea to distributing a quantity of heroin and possessing with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, a quantity of heroin, and a quantity of fentanyl, all in violation of 21 U.S.C. § 841(a)(1). On appeal, Treadway argues that the district court violated Rule 32 of the Federal Rules of Criminal Procedure and that his sentence is substantively unreasonable. We vacate and remand for resentencing.

Under Rule 32(i)(3)(B), when a defendant disputes a portion of the presentence report ("PSR"), the court must either "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." In either case, the court "must append a copy of the court's determinations under th[e] rule to any copy of the presentence report made available to the Bureau of Prisons [BOP]." Fed. R. Crim. P. 32(i)(3)(C). "[F]or any such controverted factual matter the district court should state on the record how it has treated the matter." *United States v. Hill*, 766 F.2d 856, 858 (4th Cir. 1985); *see also United States v. Lopez*, 907 F.2d 1096, 1101 (11th Cir. 1990) ("When a court declines to resolve a factual challenge to a [PSR], it must expressly set out in writing the disputed facts that it did not resolve."). "Strict adherence to the dictates of [the rule] is essential because the rule helps ensure that future decisions about a defendant's penal treatment are based on a fair and accurate [PSR]" *Id.*; *see also United States v. Murchison*, 865 F.3d 23, 27 (1st Cir. 2017) ("[T]ogether, Rule 32 and the BOP's system work to ensure that the BOP classifies and

2

processes sentenced offenders with the benefit of all relevant and informative sentencing material.").

In this case, Treadway objected to the PSR's recommendation that a two-level enhancement be applied for possession of a firearm. *See* U.S. Sentencing Guidelines Manual § 2D1.1(b)(1)(2018). At the sentencing hearing, the district court declined to rule on Treadway's objection because Treadway was a career offender and, as a result, the firearm enhancement did not affect his advisory guidelines range. Treadway agreed that the firearm enhancement did not affect his guidelines range, but disputed the enhancement because it would render him a violent offender. This designation, in turn, would affect his ability to participate in certain BOP programs and render him ineligible for a sentence reduction of up to one year. *See* 18 U.S.C. 3621(e)(2)(B) (allowing the BOP to reduce a nonviolent offender's sentence by up to one year if the offender successfully completes a substance-abuse treatment program).[1]

On appeal, Treadway argues that the district court failed to comply with the dictates of Rule 32. We agree. Although the district court stated at the hearing that the firearm enhancement did not affect Treadway's guideline range, it did not state that the firearm enhancement would "not affect sentencing" or that it would "not consider the matter in sentencing." Moreover, in the written Statement of Reasons for the sentence imposed, which was appended to the PSR, the district court adopted the PSR without change and did

---

[1] Although the parties recite a 1996 BOP Program Statement, No. 5162.02, that program statement was rescinded in 2009 and replaced by Program Statement No. 5162.05.

not include a determination that a ruling on Treadway's objection to the firearm enhancement was unnecessary. The district court did not make clear that the firearm enhancement was not being considered or that it did not affect the sentence imposed. On the contrary, the district court found that the presence of firearms in connection with Treadway's drug activity had escalated the risk of violence, and relied on this finding to support the sentence imposed.

In some circumstances, we may consider a Rule 32 error to be a ministerial one if it can be corrected by appending a copy of the sentencing transcript to the PSR made available to the BOP. *See Hill*, 766 F.2d at 859 (noting that the failure to attach a finding to a PSR is "somewhat of a ministerial matter, which in many events would not call for the vacation of a sentence or resentencing"). In this case, however, appending a copy of the sentencing transcript will not suffice to clear up the inconsistencies in the record and ensure that the BOP has clear guidance in determining what programs, if any, in which Treadway is eligible to participate.

Accordingly, we vacate and remand for resentencing. We express no opinion on the merits of Treadway's objection to the firearm enhancement or whether a ruling on the objection is unnecessary under Rule 32(i)(3)(B). We likewise express no opinion on the substantive reasonableness of the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*