[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13833
Non-Argument Calendar

_____

D. C. Docket No. 05-00232-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE AGUSTIN BENITEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 7, 2007)**

Before TJOFLAT, BIRCH, and BLACK, Circuit Judges.

PER CURIAM:

Jose Agustin Benitez appeals his conviction, entered after a guilty plea, of Count Three of the indictment against him, which charged that he and his brother possessed a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). On appeal, Benitez argues that the district court violated Federal Rule of Criminal Procedure 11 ("Rule 11") by failing to ensure that he adequately understood the nature of the charge contained in Count Three. Benitez argues that his guilty plea was not knowing and voluntary because the district court did not explain to him how he could be found guilty of this charge under a Pinkerton[1] theory of liability, through which Benitez, as a co-conspirator, could be convicted of possessing a firearm if it was reasonably foreseeable that the firearm would be present during the drug trafficking offense. After a thorough review of the record and the parties' briefs, we AFFIRM.

## I. INTRODUCTION

A federal grand jury indicted Benitez for: (1) distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii), and 18 U.S.C. § 2 (Count One); (2) possession with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture or substance containing

---

[1] See Pinkerton v. United States, 328 U.S. 640, 645-48, 66 S.Ct. 1180, 1183-84 (1946) (a party to a conspiracy may be held responsible for substantive offenses committed by a co-conspirator in furtherance of the conspiracy, even when he did not participate in the substantive offenses or have any knowledge of them).

methamphetamine, in violation of Title 18, U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) (Count Two); and (3) possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three). Without the benefit of a written plea agreement, Benitez entered a plea of guilty as to all three counts.

At the plea hearing, Benitez testified that he had only a first-grade education, his native language was Spanish, and he understood "very little" English. R3 at 7. Counsel for Benitez withdrew a previous motion to withdraw from the case, and the district court established that Benitez was satisfied with his counsel's representation. When the district court inquired as to whether Benitez wished anything more of his attorney, Benitez stated, "Well, I just told him that I wanted the pistol business to be dismissed, but there's no way of doing that so . . . I spoke to him but nothing could be done about it, so it's okay." Id. at 9. The following brief exchange took place at this point:

COURT: Do you need any additional time before I go forward?
BENITEZ: Well, it depends on [my attorney], anyway. I want to plead guilty.
COURT: Well, that's your right, your decision.
BENITEZ: Well, I do want to plead guilty.

Id. at 9-10. According to the record, Benitez had consulted with his attorney on five or six occasions, where they discussed the case, the indictment, and the

3

elements of the offenses, evaluated the evidence, considered the Pinkerton theory of liability, and talked about his decision to plead guilty. The district court confirmed that an interpreter had been present for these meetings.

The district court then instructed Benitez about the sentencing process. At one point during this discussion, the district court asked Benitez whether he understood that the Probation Office would issue a presentence investigation report if he pled guilty, to which Benitez responded, "Okay. I will plead guilty." Id. at 16. The district court then instructed Benitez on the maximum and minimum sentences for Counts One and Two. The district court proceeded to instruct Benitez with respect to Count Three, and the following exchange occurred:

> COURT:    All right. As to Count Three of the indictment, I am advised and I now instruct you that you face a minimum mandatory sentence of five years up to life imprisonment, a $250,000 fine, three years of supervised release, and $100 special assessment. Do you understand that?
> BENITEZ: Yes, I understand.
> COURT:    This is the gun charge; do you understand?
> BENITEZ: Yes. But I wanted to know, are you going to charge me with a pistol? My brother has already pled guilty.
> COURT:    Count Three, as I indicated, charges that you and your brother together knowingly possessed a .45 caliber Colt handgun in furtherance of a drug trafficking offense.

4

Id. at 23-24. Counsel for Benitez then explained to the court that Benitez was pleading guilty to Count Three under the Pinkerton theory of liability. As defense counsel explained, under this theory, Benitez could be found guilty under Section 924(c) for possession of a firearm during the commission of a drug trafficking offense, even though he did not actually possess the firearm or have any actual knowledge that a firearm was present.

At the request of the district court, the government set out the underlying factual basis for the indictment. On 31 May 2005, Benitez sold approximately one pound of methamphetamine to an undercover officer. A few days later, he arranged to sell the officer three pounds of higher quality methamphetamine. Benitez arrived at the meeting location at the pre-arranged time, accompanied by his brother, Jose Luis Benitez. After Benitez showed the undercover officer the methamphetamine, several officers approached the vehicle, at which point Jose Luis Benitez reached down between the center console and the passenger seat where he was sitting. The brothers were arrested, and the authorities discovered a loaded handgun in the vehicle, between the center console and the passenger seat. In post-arrest statements, Benitez admitted to selling and delivering the methamphetamine, but denied knowing that the gun was in the vehicle.

The district court then expressed skepticism about accepting a guilty plea to

5

Count Three since Benitez denied knowledge of the firearm. Both the government and counsel for Benitez explained to the district court their understanding of Pinkerton liability, and stated that Benitez could plead guilty to Count Three under such a theory even though he did not actually possess the firearm or know it was there. During this discussion, Benitez's attorney explained that he wished to use the Pinkerton theory in this case because, by denying actual possession of the firearm, Benitez potentially could receive a safety-valve reduction to his sentence. The government agreed not to object to a safety-valve reduction and also agreed with defense counsel's explanation and application of the Pinkerton theory.

The district court then continued to instruct Benitez on potential sentences and the consequences of his plea, and Benitez informed the court that he understood everything that was being told to him. The court then asked whether Benitez understood that he had a right to a trial by jury if he decided not to plead guilty, to which Benitez responded, "No. I'd rather plead guilty." Id. at 38. The district court continued to explain the rights that Benitez would be forfeiting by entering a guilty plea and asked him whether he understood, to which Benitez replied, "Okay. I'm not going to trial." Id. at 39. In response to the district court's continuing explanation as to the consequences of the plea, Benitez stated, "Well, I don't know anything – I don't know anything about laws. Only my lawyer can tell

6

me something." Id. at 40. Benitez then asked permission to ask his attorney a

question, which was granted, and he then said, "Yes, I'll plead guilty." Id. After

reciting the elements of the first two counts, the district court then recited the

elements of Count Three as follows: "That on or about April 4th, you knowingly

possessed a .45 caliber Colt handgun in furtherance of the drug trafficking offense

described in Count Two. Do you understand that?" Id. at 44. Benitez replied,

"Yes. I understand." Id.

After the government recited the factual basis underlying all three counts,

Benitez admitted that the government's testimony was accurate, and counsel for

Benitez suggested that the facts likely were sufficient to establish liability under

Pinkerton. In order to clarify Benitez's knowledge with respect to the gun, the

district court engaged in the following colloquy:

COURT:      Mr. Benitez, as to Count three, the gun
            charge, did you know the gun was in the
            car?
BENITEZ:    No.
COURT:      But you understood, did you not, that your
            brother may have placed it there?
BENITEZ:    Well, he came there from work and he said
            that he carried it with him, but he didn't tell
            me anything. He told me nothing.
COURT:      Why was he with you that day on April 4th?
BENITEZ:    I invited him to the store.
COURT:      All right. For what purpose?
BENITEZ:    I told him I was going to go buy some beer.
COURT:      Well, did he know that you were going to

7

> make a sale to the undercover detective?
>
> BENITEZ: He realized it then when he saw it there. He realized it when he saw it.
>
> COURT: Does your brother normally carry a gun?
>
> BENITEZ: He just had one.
>
> COURT: I understand that. But does he carry a gun with him on a regular basis?
>
> BENITEZ: Well, he didn't tell me anything.
>
> COURT: That's not what I'm asking. Does your brother normally carry a gun with him?
>
> BENITEZ: Yes. He had it on him.

Id. at 53-54.

The district court then proceeded to take Benitez's formal pleas as to all three counts. After Benitez entered an unequivocal guilty plea as to the first two counts, the following exchange occurred:

> COURT: As to Count Three charging that you, together with your brother, knowingly possessed a .45 caliber Colt handgun in furtherance of a drug trafficking offense, how do you plead; guilty or not guilty?
>
> BENITEZ: Well, the she[e]r truth is I don't know. Regardless – well, one could see if they could take away the gun from me. But I do plead guilty to all of it. Everything.
>
> COURT: Well, Count Three has not been taken away. If you plead guilty, you will be punished by law to a sentence of at least five years consecutive to any sentence imposed on Counts One and Two. Do you plead guilty or not guilty to Count Three?
>
> BENITEZ: As for the gun?
>
> COURT: Yes, sir.

8

BENITEZ:  No.  I'm not going to plead guilty.

[Discussion was held off the record.]

BENITEZ:  Yes.
COURT:      Yes, what?
BENITEZ:  Yes.  I do plead guilty.
COURT:      Do you have any question about that?  I
                 know you've conferred with your lawyer.
BENITEZ:  No, no, not – that's it.

Id. at 55-56.  The district court then found that Benitez knowingly and voluntarily

entered a guilty plea as to all three counts, that he understood the essential

elements of the offenses, and that his plea was factually supported.  The district

court also remarked that:

> [W]ith respect to Count Three, there has been some
> discussion here this morning concerning this defendant's
> criminal culpability.  He has pled guilty without
> equivocation.  There is an independent basis in fact
> supporting this charge . . . There is a basis in fact for the
> jury to find constructive possession, as well as possession
> as discussed by counsel under a *Pinkerton* or conspiracy
> type presentation.

Id. at 57.  The district court sentenced Benitez to a term of imprisonment of 96

months for Counts One and Two to run concurrently, and a term of 60 months for

Count Three to run consecutively to the sentences for Counts One and Two.

Benitez raised no Rule 11 objection during the guilty plea hearing.  In this appeal,

9

Benitez requests that we vacate his guilty plea to allow him the opportunity to plead anew because the district court did not explain in detail how Benitez could be found guilty of Count Three under a Pinkerton theory of liability.

## II. DISCUSSION

When a defendant raises a Rule 11 objection for the first time on appeal, we review that objection for plain error. United States v. Vonn, 535 U.S. 55, 59, 122 S.Ct. 1043, 1046 (2002); United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003). Under plain error review, the defendant has the burden to show that there is an: (1) error; (2) that is plain; (3) that affects substantial rights. United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776 (1993). If these three elements are met, the court may exercise its discretion to correct the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (citation omitted). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S.Ct. 2333, 2340 (2004).

"The district court's implicit factual finding that the requirements of Rule 11 were satisfied when it accepted the defendant['s] pleas is subject to the clearly

10

erroneous standard of review." United States v. Lopez, 907 F.2d 1096, 1099 (11th Cir. 1990). To assess the effect of an alleged Rule 11 error, the reviewing court must consider the entire record, not just the transcript of the plea hearing. Vonn, 535 U.S. at 74-75, 122 S.Ct. at 1055. After reviewing the record as a whole, we will affirm the district court, "if the record provides a basis for the court's finding that the defendant understood what he was admitting and that what he was admitting constituted the crime charged." Lopez, 907 F.2d at 1099. In determining whether there is a factual basis for a plea under Rule 11, "[t]he judge must determine that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." McCarthy v. United States, 394 U.S. 459, 467, 89 S.Ct. 1166, 1171 (1969) (citation omitted). The standard for evaluating challenges to the factual basis for a guilty plea is whether the district court was presented with evidence from which it could reasonably find that the defendant was guilty. United States v. Owen, 858 F.2d 1514, 1516-17 (11th Cir. 1988) (per curiam). In advising a defendant of the nature of the charges against him, there is no requirement in Rule 11(c) "that a district court must list each element of the offense *seriatim*." United States v. Wiggins, 131 F.3d 1440, 1442-43 (11th Cir. 1997) (per curiam).

11

In this case, the record as a whole reveals that Benitez knowingly and voluntarily entered a plea of guilty to Count Three. During the plea colloquy, the district court carefully reviewed the charge contained in Count Three, the elements of that charge, the factual basis for Benitez's guilt under Count Three, the rights Benitez would waive if he pleaded guilty, and the potential sentences he could receive for all counts in the indictment. At the plea hearing, and throughout the history of the case, Benitez was adequately represented by counsel. Benitez testified at the plea hearing that he had several opportunities to discuss his case in detail with his attorney, and he repeatedly expressed his desire to plead guilty to all of the charges and not to go to trial.[2]

With respect to the Pinkerton theory, the district court questioned Benitez about whether his brother knew that they would be making a sale of drugs to the undercover officer and whether Benitez knew that his brother "normally carr[ied] a gun with him." R3 at 54. Benitez understood those questions and answered both of them in the affirmative. We find that Benitez understood what he was admitting, and, as we explain, what he admitted constituted the crime charged in

---

[2] We recognize that, during the course of the plea hearing, Benitez also stated several times that he did not want to plead guilty to Count Three and that he wanted the gun possession charge to be dismissed. However, after further consultation with his attorney, he informed the district court that he did not want to go to trial and wanted to plead guilty to all counts of the indictment, including Count Three. The district court asked Benitez if he any questions or objections, and Benitez replied that he had none. R3 at 55-56.

Count Three. See Lopez, 907 F.2d at 1099. Further, the Pinkerton theory is not an essential element of the offense charged in Count Three, it is only a theory under which a court may find criminal liability. Cf. United States v. Camacho, 233 F.3d 1308, 1315 (11th Cir. 2000) (finding that "aiding and abetting is merely a theory upon which liability may be based," not an essential element of the charge of possession with intent to distribute cocaine which must be explained to a defendant). The district court did not reversibly err in its explanation of Count Three to Benitez, or in its implicit finding that Benitez understood the charge to which he was pleading guilty. Therefore, we find Benitez's plea was voluntary and knowing.

Next, we find that there was a sufficient factual basis to find Benitez guilty under Count III. Benitez and his brother were arrested in an automobile while making a controlled sale of methamphetamine to an undercover officer, which was the second such sale within several days. A loaded handgun was found between the center console and the passenger seat, in close proximity to Benitez, who was in the driver's seat. Although Benitez consistently denied having actual knowledge that the gun was present at the time, he testified at the plea hearing that he was aware that his brother sometimes carried a handgun. Based upon our review of the record, we find that the district court was presented with evidence on which it

13

could reasonably find that Benitez was guilty. See Pinkerton v. United States, 328 U.S. 640, 645-48, 66 S.Ct. 1180, 1183-84 (1946). Even if Benitez was not actually aware that his brother possessed the handgun during the controlled sale, there is ample evidence to support the district court's conclusion that it was reasonably foreseeable to Benitez that his brother would possess a handgun during the sale of drugs.

Finally, we find that Benitez failed to establish that there is a reasonable probability he would not have pled guilty if the district court had thoroughly explained Pinkerton liability during the plea colloquy. In Dominguez Benitez, the Supreme Court recognized that when the record reveals strong evidence of a defendant's guilt, as it does here, involving controlled sales of drugs to an undercover officer, a handgun found in close proximity to Benitez, and testimony that Benitez knew that his brother sometimes carried a handgun,

> one can fairly ask a defendant seeking to withdraw his plea what he might ever have thought he could gain by going to trial. The point of the question is not to second-guess a defendant's actual decision; if it is reasonably probable he would have gone to trial absent the error, it is no matter that the choice may have been foolish. The point, rather, is to enquire whether the omitted warning would have made the difference required by the standard of reasonable probability.

Dominguez Benitez, 542 U.S. at 85, 124 S.Ct at 2341.

14

In this case, we conclude that the district court's choice not to parse the details of <u>Pinkerton</u> liability during the plea colloquy did not affect Benitez's decision to plead guilty. The evidence against Benitez was strong, and, as defense counsel noted at the plea hearing, Benitez's plea afforded him the significant benefit of a two-level safety-valve sentencing reduction and a three-level reduction for acceptance of responsibility and timely notification of intent to plead guilty. Although Benitez now claims that he would have pled not guilty if the district court had explained <u>Pinkerton</u> liability to him in detail, after considering the strength of the evidence in the government's case and the benefits Benitez received through his guilty plea, we are not persuaded that Benitez would have chosen to go to trial instead of pleading guilty. As we similarly found in <u>United States v. DePace</u>, 120 F.3d 233, 238 (11th Cir. 1997), even though it "would have been preferable" to explain the <u>Pinkerton</u> theory in greater detail, "we cannot find that [the district court's] omission undermined [Benitez's] understanding to a degree that would invalidate the . . . acceptance of the guilty plea."

We find that Benitez knowingly and voluntarily entered a plea of guilty to Count Three, and the district court was presented with a sufficient factual basis for finding Benitez guilty of that count. Further, we conclude that Benitez failed to carry his burden to establish that his decision to plead guilty was affected by the

15

district court's [decision not] to explain <u>Pinkerton</u> liability. Therefore, we find no error that was plain and that affected Benitez's substantial rights.

## III. CONCLUSION

Benitez appealed his conviction for possession of a firearm during a drug trafficking offense, under 18 U.S.C. § 924(c). Benitez argued that the district court violated Federal Rule of Criminal Procedure 11 by failing to ensure that Benitez adequately understood the nature of Count Three of the indictment, which charged that Benitez knowingly possessed a handgun in furtherance of a drug offense. Benitez argued that his guilty plea was not knowing and voluntary because the district court did not explain to Benitez how he could be found guilty of Count Three under a <u>Pinkerton</u> theory of liability, through which Benitez could be charged with possession of a firearm if the presence of the firearm during the drug trafficking offense was reasonably foreseeable. We find that Benitez entered a knowing and voluntary guilty plea for which there is a sufficient factual basis under <u>Pinkerton</u>, the district court was not required to walk Benitez through the <u>Pinkerton</u> theory during the plea hearing, and Benitez did not establish a reasonable probability that he would not have pled guilty but for the district court's choice not to explain that theory. Therefore, Benitez's conviction is **AFFIRMED.**